UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MFC REAL ESTATE LLC,**

    **Plaintiff,**

vs.                                               Case No. 8:12-cv-00317-T-27TGW

**BLACK HORSE VENTURES L.P. et al.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is the Agreed Motion (Dkt. 93), jointly filed by Plaintiff and Defendant Black Horse Ventures L.P. In short, the motion seeks to remedy a defect in the final judgment of foreclosure caused by an error in Plaintiff's pleadings, and to dismiss certain claims with prejudice against other Defendants. Upon consideration, the motion (Dkt. 93) is **GRANTED**. Accordingly,

(1) The May 23, 2013 Order (Dkt. 84) dismissing Count I of the Amended Complaint as to Defendant Black Horse Ventures L.P. is **VACATED**[1] pursuant to Federal Rule of Civil Procedure

---

[1] Although the Order (Dkt. 84) indicated that the claim was dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I), the claim was dismissed pursuant to Rule 41(a)(2). "The determination of whether a document was filed under Rule 41(a)(1) or Rule 41(a)(2) is a legal conclusion that can be made on the face of the filing . . . ." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012). The entry of an order dismissing a claim, rather than proceeding under a plaintiff's notice without action by the district court, is indicative of a dismissal under Rule 41(a)(2), rather than 41(a)(1). *Cunningham v. Whitener*, 182 Fed. Appx. 966, 969 (11th Cir. 2006) ("By entry of an order, it appears that the district court was proceeding under Rule 41(a)(2)."). The document on which the dismissal was based is a "Status Report" (Dkt. 81) stating that "Plaintiff will voluntarily dismiss Black Horse as a defendant from Count I for Foreclosure, and request an order to that effect, if required." (Dkt. 81 ¶ 2). The Court then entered an Order dismissing the claim without prejudice, a signal, according to *Cunningham* and *Anago Franchising*, that the dismissal was pursuant to Rule 41(a)(2), not Rule 41(a)(1).

1

60(a).²

(2) Counts II and III of the Amended Complaint (Dkt. 66) are **DISMISSED** *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2).

(3) Upon stipulation of the parties, the Court finds that there are no issues of material fact remaining and Plaintiff is entitled to final judgment on Count I of the Amended Complaint against Defendant Black Horse Ventures L.P., in the following respects:

a. Any defenses, setoffs, or claims to the *in rem* relief sought under Count I of the Amended Complaint which could have been asserted by Defendant Black Horse Ventures L.P. have been waived or have failed as a matter of law.

b. The mortgage liens on the Collateral, a description of which is attached as **Exhibits A and B**, are validly held and properly maintained in favor of Plaintiff as security for payment of the total sums specified in Paragraph 3 of the Final Judgment of Foreclosure (Dkt. 91). The liens of Plaintiff upon the Collateral are superior in dignity to any right, title, interest, estate, or claim of Defendant Black Horse Ventures L.P. or anyone claiming by or through or under Defendant Black Horse Ventures L.P.

(4) In accordance with the final judgment on Count I of the Amended Complaint against Defendant Black Horse Ventures L.P., the Final Judgment of Foreclosure (Dkt. 91) is **AMENDED**, as follows, pursuant to Federal Rule of Civil Procedure 60(a):

a. In all instances where Defendants are listed *seriatim*, the Final Judgment of Foreclosure is amended to include Defendant Black Horse Ventures L.P.

b. In all instances where the Final Judgment refers to the "Verified Complaint," it is

---

²"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

amended to read "Amended Complaint."

    c. Following Paragraph 17 on Page 10, Paragraph 17a is inserted, which shall read as follows: The principal address for Black Horse Ventures L.P. is 5601 TPC Blvd., Lutz, FL 33558, and the address for Black Horse Ventures L.P.'s registered agent is c/o Thomas G. Long, 601 Bayshore Blvd., Suite 700, Tampa, FL 33606.

**DONE AND ORDERED** this 30th day of December, 2013.

                                                    JAMES D. WHITTEMORE
                                                  United States District Judge

Copies to: Counsel of Record